## Faries Trust

*G. Selden Pitt,* of *Clark, Ladner, Fortenbaugh & Young,* for accountant.

*William F. Coyle,* p.p., guardian and trustee ad litem.

*Nancy Rothkopf,* for Commonwealth.

KLEIN, A. J., April 16, 1974.—The reasons stated by the accountant in the statement of proposed distribution for filing this account are (1) the death on March 22, 1971, of Richard H. Oller, Jr., grandson of settlor and income beneficiary from one-sixth portion of principal; (2) the death on July 14, 1971, of Marie Tutein Pullen, granddaughter of settlor and income beneficiary from one-fourth portion of principal; and (3) the passage of 40 years since the establishment of the trust.

The terms of the deed of trust, which is dated April 21, 1933, and all other essential facts pertaining to the trust and related matters are set forth in the statement of proposed distribution. As stated therein, the trust terminates as to one-sixth of the principal.

The account is stated from April 21, 1933, to March 30, 1972, and reflects no distributions for Pennsylvania inheritance tax. Ms. Rothkopf appeared for the Commonwealth claiming such inheritance tax as may be due and assessed, without prejudice to the right of the Commonwealth to pass on debts and deductions, and the awards will be made subject to that claim.

All parties in interest are stated to have received notice of this audit.

By decree of this court dated November 17, 1972, William F. Coyle, Esq., was appointed guardian ad litem for minors and trustee ad litem for all unborn and unascertained interests. Mr. Coyle filed a written

report in which he reviewed and approved the investment policy of the accountant and the manner of allocation of stock dividends. However, he questioned the propriety of charging to principal the entire cost of filing this account. He suggests that this cost, which comes to a total of $1,687.30, should be charged 50 percent to income and 50 percent to principal. We do not agree.

If there is a general rule with regard to the allocation of the costs of an accounting, it was perhaps best stated in Griffith's Estate, 26 D. & C. 75 at page 85, quoted with approval in Judge Shoyer's adjudication in Cook Trust, 48 D. & C. 2d 543 (1970):

" 'While there have been many cases laying down rules as to the payment of commissions, attorney's fees and other expenses, when out of principal and when out of income, there are so many qualifications that the rules are of little value except as applied to the particular state of facts in connection with which the rule has been enunciated.' "

In the present case, the accountant has administered this trust for some 39 years without an accounting to the court. The current market value of the assets is stated to be $127,590.12 and the expenses in question amount to approximately 1.3 percent of principal. We think that, under these circumstances, the accountant properly charged these expenses to principal. One-sixth of the principal will be distributed and will, therefore, bear one-sixth of the expenses.

Mr. Coyle requested compensation for his services as guardian and trustee ad litem in the sum of $500, which amount conforms to the schedule of compensation adopted by this court and it will be so allowed to be charged against principal. . . .

And now, April 16, 1974, the account is confirmed nisi.